Submitted on briefs, November 20, affirmed as
modified December 3, 1973

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
HOCHSTETLER, *Respondent, and*
HOCHSTETLER (No. 77164), *Appellant.*

516 P2d 482

Dale D. Liberty, Sr., Oregon City, for appellant.

William J. Claussen, Salem, for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and
FORT, Judges.

FORT, J.

Respondent-wife appeals from a decree of dissolution of the marriage. She attacks only the awards of alimony, certain items of personal property and the amount of the attorney fees.

Respondent concedes in her brief that "[t]he law is not in dispute in this case." She testified at trial, in response to a question from the court concerning the items of personal property here challenged, that "[i]f he wishes to have them, he can have them." The award was correct.

The parties, married 25 years, had four children, all emancipated at the time of trial. Petitioner-husband had a gross income in excess of $1,500 per month. Respondent was unemployed and resided with one of her married daughters.

About six years prior to the trial, respondent contracted cancer. She had to give up her job and underwent major surgery. At the time of her last medical examination and prior to trial, the doctor recommended continued close supervision because of some continuing symptoms.

The trial court awarded her alimony for four years: $300 a month for the first two years and $150 a month for the next two years. At the time of trial, respondent, who had a high school education, contemplated a four-year, work-training course to become an interior decorator. From our review of the testimony we are of the opinion that the alimony provision should be modified to award respondent the sum of $400 per month for four years and $200 per month thereafter, pending respondent's death or remarriage or substantial change in circumstances of the parties. Petitioner

contends his continued employment is problematic in view of possible substantial budget cuts. ORS 107.135 (1)(a) provides for modification of alimony support awards under appropriate circumstances.

We find no abuse of the court's discretion in the award of attorney fees.

Affirmed as modified.